# Biddle et al., Appellants, *v.* Public Service Commission.

*Public Service Commission — Public Service Company Law — Electric light companies—Chartered territory — Subsidiary companies—Ownership—Eminent domain—Rights of owning company.*

An electric light company, owning the rights and franchises of several other companies, can appropriate, under the right of eminent domain, land located in the district of one of the purchased companies, for the purpose of the construction and maintenance of a transmission line, outside the territory of the original company, but within the territory covered by the charter of one of the companies whose rights it has acquired.

Argued April 30, 1923.    Appeal, No. 140, April T., 1923, by complainants, from order of the Public Service Commission, in re application of Warren Light & Power Company for approval of additional right, power and privilege of the right of eminent domain, etc., at Application Docket 7350, 1922.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Application to the Public Service Commission for certificate of public convenience approving the exercise of eminent domain.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission granted the certificate of public convenience in the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania, upon petition of the Warren Light and Power Company, dated October 6, 1922, for approval of the additional right, power and privilege granted to said company, under the provisions of an Act of Assembly approved May 21, 1921, in the exercise by said company of the right of eminent domain to acquire a right-of-way over and upon the properties of M. E. I. Biddle and heirs of S. D. I.

Newbold, located in the Townships of Conewango and Brokenstraw, Warren County, for the construction, operation and maintenance of a transmission line for the transmission and distribution of electric energy for light, heat and power; and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had; and it appearing from the evidence adduced that the construction of the proposed transmission line, to connect generating station of the Warren Light and Power Company, located at Warren, with proposed substation at Youngsville, Warren County, will manifestly improve its service, the commission finds and determines that the service to be furnished by the said Warren Light and Power Company, through its exercise of the right of eminent domain to acquire a right-of-way for the construction, operation and maintenance of the proposed transmission line, is necessary and proper for the service, accommodation, convenience and safety of the public, and that a certificate of public convenience issue in evidence thereof:

Now, to wit, January 22, 1923, it is ordered; that a certificate of public convenience issue, as above determined.

(2) The Public Service Commission of the Commonwealth of Pennsylvania erred in finding, determining and ordering in effect that the said Warren Light and Power Company under the laws of Pennsylvania had and has the right to exercise the power of eminent domain over and across the property of the appellants in the Townships of Conewango and Brokenstraw for the sole purpose of erecting and maintaining a transmission line from its generating plant in Warren Borough to Youngsville Borough to serve the inhabitants of said Youngsville Borough, neither of said boroughs being in Conewango Township nor in Brokenstraw Township.

Complainants appealed.

*Error assigned* was the order of the commission.

*C. E. Bordwell,* and with him *A. G. Eldred,* for appellants.—The electric light company under the provisions of the Act of May 21, 1921, P. L. 1057, did not have the authority to erect the transmission line across the district described: Brown v. Electric Light Company, 208 Pa. 453; American Transfer Co.'s Petition, 237 Pa. 241.

Nor did it acquire any additional powers by the purchase of the other companies: Greensburg Borough v. Westmoreland Water Company, 240 Pa. 481; Pennsylvania Utilities Co. v. The Public Service Commission, 69 Pa. Superior Ct. 619.

*David I. McCahill* and *McCahill & McCahill & Tabor,* for appellee, cited: Act of April 17, 1876, P. L. 30; Pennsylvania Utilities Company v. Public Service Commission, 69 Pa. Superior Ct. 612; Act of May 21, 1921, P. L. 1057.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY HENDERSON, J., July 12, 1923:

We have here an appeal from the order of the Public Service Commission granting a certificate of public convenience to the Warren Light & Power Company for the acquisition of a right-of-way for the construction, operation and maintenance of a transmission line for the distribution of electric energy for light, heat and power; said line to connect the generating station of that company at Warren, Pa., with a proposed substation at Youngsville in said county. The record shows that the Warren Light & Power Company was incorporated under the laws of Pennsylvania to supply light, heat and power by means of electricity to the public in the Borough of Warren. A similar company was incorporated to supply light, heat and power by means of electricity to the public in the Township of Conewango. Corporations were

also formed to furnish a like service in Brokenstraw Township and the Borough of Youngsville in said county. The last three described corporations sold their rights and franchises to the Warren Electric Light & Power Company. The Township of Conewango is contiguous to the Borough of Warren. The Township of Brokenstraw adjoins Conewango Township, and the Borough of Youngsville is contiguous to Brokenstraw Township. There thus exists a defined district within which the Warren company is authorized to exercise the franchise of supplying light, heat and power by means of electricity. The Borough of Warren is at the eastern end of this district and the Borough of Youngsville at the western end. The company proposes to build a transmission line through its territory to Youngsville for the promotion of its service in the district in which it operates. The appellants contend that the erection of such line is not within its corporate power and that therefore the permission granted to the Public Service Commission is contrary to law. We do not understand, however, it is denied that the Warren company has acquired all the rights and franchises of the other companies above named. The result of this acquisition therefore is to give to the intervening appellee the same rights and franchises over the consolidated district which it theretofore exercised in the Borough of Warren so far as such powers are necessary to the proper exercise of its purpose to supply light, heat and power in its extended territory. Authority for such consolidation is found in the Act of April 17, 1876, P. L. 30, amending section 23 of the general incorporation Act of 1874. As a result of the purchase by the Warren company, the corporations formed to operate in Conewango and Brokenstraw Townships and the Borough of Youngsville ceased to exist, their franchises having been acquired by the Warren company. The effect of such consolidation was considered in Pennsylvania Utilities Co. v. Public Service Commission, 69 Pa. Superior Ct. 612, and in Harmony Electric Co. v.

The Public Service Commission, 78 Pa. Superior Ct. 272. These cases show the extent of the corporate capacity of the consolidated company. The Act of May 21, 1921, P. L. 1057, is the authority to which the company appeals for the right to erect the proposed line through the Townships of Conewango and Brokenstraw to the Borough of Youngsville. That act expressly authorizes such a corporation to appropriate property, outside the limits of public streets, lanes, alleys or highways and within the borough, town, city or district where it may be located, necessary for its corporate use in the construction, erection, operation or maintenance of its buildings, machinery, apparatus, plants, works, equipment and facilities for generating electric light, heat and power or any of them, for the transmission or distribution of them. As the townships referred to are within the district covered by the franchise of the Warren company, we think it cannot be successfully maintained that it may not exercise all of the authority in the development of its enterprise which it could have exercised if its original charter had applied to the consolidated area, and that being the case the right to construct a transmission line from a generating station must be conceded. In the present state of the law it is clear that the Warren company has authority to furnish electric service in the Townships of Conewango and Brokenstraw and to adopt the necessary methods for providing such service and the same authority permits the extension of the line to the western limit of its district. We conclude therefore that the order complained of was within the discretion of the Public Service Commission and that the complaint that the order was made without authority of the law cannot be sustained.

The order of the commission is affirmed and the appeal dismissed at the cost of the appellants.