## Estate of J. Henry Miller, Deceased.

Argued October 24, 1933.

Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER and JAMES, JJ.

*Harry J. Schools,* for appellant.

*L. Saylor Zimmerman,* and with him *Warren G. Light,* for appellee.

PER CURIAM, October 31, 1933:

This case involves the construction of a clause in the will of J. Henry Miller, deceased. He gives a share of his estate in trust to be invested and directs that the trustee shall expend the interest thereof or so much as he may think necessary for the care, support and benefit of his granddaughter, Rosie, during her lifetime and said moneys after her death shall be divided among her children, if she has any, or issue failing, the money shall be divided among the decedents, children.

Then follows the clause which is the subject of the present contention: "and I also authorize said trustee to make advances out of said principal to said Rosie from time to time, but not to exceed in the aggregate the sum of five hundred dollars, provided he shall deem such advances to be necessary for her proper care, support and maintenance, in case of her

sickness or emergency of which he shall be the judge."

The particular words with which we are concerned are, "but not to exceed *in the aggregate* the sum of five hundred dollars." The appellant argues that since the evident intention of the testator was to provide for the support of his granddaughter, we must construe the words as meaning not more than five hundred dollars shall be expended at one time, but that the entire amount might be spent if necessity required, by successive payment of amounts not exceeding the sum stated.

The subject does not demand extended discussion and we can do no better than to quote a portion of the opinion of the learned President Judge of the lower court:—

"In addition to this restricted gift to his granddaughter Rosie the testator made similar provision for his son Lincoln E., with direction to the trustee to make advances out of the principal not to exceed in the aggregate the sum of one thousand dollars. Otherwise the gifts to his descendants were absolute. The word aggregate is in common use and is defined in the Century Dictionary as 'a sum, mass or assemblage of particulars; a total or gross amount; any combined whole considered with reference to its constituent parts.' 'An aggregate is essentially a sum.' The words 'in the aggregate' are defined to mean 'taken together; considered as a whole; collectively.' The conclusion necessarily follows that what the testator meant was to restrict the advances out of principal to his granddaughter Rosie to the aggregate or total sum of five hundred dollars. It would require not only a strained construction but transposition and additional explanatory words to give the clause in question any other meaning. The testator saw fit to restrict the gift to his granddaughter and we are bound to carry out his wish as expressed in the will,

irrespective of the needs of those who are the recipients of his bounty under the will.''

We may add that the cases relied upon by the appellant in which it has been held that where the general intention of the testator is evident, although there may be ambiguity in the words employed, the language should be construed so as to affect that intention, do not apply. There is no ambiguity in the present instance.

The order of the lower court is affirmed, the appellant to pay the costs.