## McCormick, Appellant, *v.* Pennsylvania Public Utility Commission

Argued October 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Gilbert Nurick,* with him *Sterling G. McNees,* of *McNees, Hollinger & Nurick,* and *James H. Booser,* for appellant.

*Frederick L. Kiger,* with him *Harry M. Showalter* and *Claude T. Reno,* Attorney General, for appellee.

*Richard V. Zug,* of *Shertz & Zug,* for intervenor, appellee.

OPINION BY BALDRIGE, J., January 28, 1943:

This appeal is from the order of the Pennsylvania Public Utility Commission sustaining the complaint of Karns Transfer, Inc. against William G. McCormick, who was charged with rendering certain unauthorized trucking services.

On July 11, 1933, a "Class D certificate of Public Convenience" was issued to McCormick, the appellant, which authorized him to transport property "as a Class B trucker between points in the Borough of Ashland, Schuylkill County, and within a radius of ten miles of the borough limits, including the transportation of property received in that area by rail" and to engage in other service with which we are not concerned in this appeal. Subsequently on August 28, 1933, the commission authorized McCormick to operate under a "Temporary Certificate of Public Convenience Approving Class B trucking service" and granted temporary permission to him to transport property for the Reading Transportation Company between points reached by the lines of the Reading Railroad Company within twenty-five miles, by the usually traveled highways, of the limits of the Borough of Ashland, Schuylkill County, subject to all applicable conditions in the report, order, and certificate of public convenience issued by the commission at Application Docket A. 25482, Folder No. 1.

On April 17, 1934, following an application by McCormick and a hearing thereon, the commission issued a supplemental order which did not in any way change the classification of the certificate issued July 11, 1933, as a "Class D certificate of Public Convenience." It stated: "That the rights contained in the report, order and certificate of public convenience issued in this pro-

ceeding on July 11, 1933 ...... be and are hereby modified and amended and treated as follows: To transport property between points in the Borough of Ashland and within twenty-five (25) miles, by the usually traveled highways, of the limits of said borough; provided, that no right, power or privilege is granted to furnish service between points in any borough or city which is more than ten (10) miles distant, by the usually traveled highways, from the limits of the Borough of Ashland, Schuylkill County."

This order did not designate McCormick as a Class B trucker and no appeal was taken therefrom. When the "Class D Certificate of Public Convenience," originally issued July 11, 1933 and subsequently modified April 17, 1934, was about to expire the appellant filed an application for authority to operate vehicles as a common carrier in renewal of that certificate and returned a questionnaire which had been submitted by the commission in accordance with its procedure. Notice was served on the appellant and other carriers in the territory that the application would be acted upon without a hearing unless protests were filed. The certificate was renewed on January 14, 1936, at Docket A. 25482, Folder No. 5, and it contained the following authority: "To transport property, as a Class D carrier" within the territory previously granted. It does not seem to be disputed that McCormick's attorneys acknowledged receipt of this order. Furthermore, subsequently on September 11, 1936, the Director of the Bureau of Public Convenience notified McCormick that he came under Class D service and this letter was acknowledged twelve days thereafter, to wit, September 23, 1936, by his attorneys. They raised no question regarding the class of service prescribed in the order nor was any petition for reconsideration filed or appeal taken from that order. On August 1, 1938, the appellant filed an application with the commission and was

duly granted a certificate of public convenience authorizing the transportation of property as a Class A carrier between Shamokin Dam and Scranton via Berwick, Bloomsburg, and Danville. This route passes within more than ten, but less than twenty-five, miles of Ashland. The appellant contends that his certificate issued January 14, 1936, which was a renewal of his original certificate, should have been a Class B certificate and under that order, as revised, he was permitted to consolidate Class A with Class B operations without the approval of the commission. He proceeded to transport shipments which led to the filing of the instant complaint and to the commission's cease and desist order from which this appeal was taken.

McCormick on October 31, 1938, as a holder of a Class A certificate, had authority to transport property "between fixed terminii or over designated routes." A Class B certificate is defined as one where the carrier may serve "between any points in a designated area" and Class D authorizes one to operate "under special certificates." Under the commission's Rule No. 203 "unless otherwise provided in the certificate, holders of Class B certificates may transport between any points in the area designated in the certificate including pickup and delivery for Class A carriers."

The solution of this controversy, therefore, depends upon whether McCormick had a Class B certificate. The commission found that he did not and we agree with that conclusion. The certificate issued January 14, 1936, was but a Class D certificate. It is so stated upon its face. The rights and privileges given McCormick in his original certificate of July 11, 1933, were special and temporary. They were terminated when the commission issued its order April 17, 1934. Rule 4, General Order 29, expressly provides that the rules and regulations of the commission "are subject to such amendment, changes, and modifications as the

Commission from time to time may deem advisable and to such exceptions in individual cases as the Commission may deem just and proper."

McCormick, who had formerly been authorized to serve as a Class B carrier between any two points within ten miles of the Borough of Ashland, asked the Commission to increase his territory. It did not see fit in his new certificate to designate him as a B carrier. The appellant argues that this change was arbitrary and capricious and therefore of no force and effect. This is not so as the commission was acting with authority expressly conferred by Rule 4. As stated above no request was made for rehearing within thirty days as provided in Art. VI. Section 17 of the Public Service Commission Act, approved July 26, 1913, P. L. 1374, 1424, then in effect, nor was an appeal taken and we find nothing in this record to warrant the conclusion that this act upon the part of the commission was unwarranted or high handed.

We concede that it is the duty of the administrative boards to hold fair and open hearings and to give notice so that those interested may have an opportunity to be heard and the "rudiments of fair play" be observed. There are no violations of those principles here and no complaint whatever was made of the order of January 14, 1936 until several years had passed. If that order is void, as appellant argues, then he is without any authority to engage in operations of which complaint has been made as a void order is no order. *American Bond and Mortgage Co. et al. v. United States,* 31 Fed. (2d) 448. The appeal from that decision was dimissed in 282 U. S. 374. Mr. Justice ROBERTS there stated: "As in the other case the appellants admittedly failed to avail themselves of the right of appeal accorded by the Act."

Notwithstanding the able argument of counsel for appellant we are of the opinion that the commission had jurisdiction to make the order which is the basis of

this appeal and that its action was not arbitrary nor was the appellant deprived of a full and fair hearing. We find no reason to disturb the findings and conclusions reached by the commission.

Order of the commission is affirmed.