Byers, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Joseph M. Loughran,* for appellant.

*Edward Munce,* Assistant Counsel, with him *Jack F. Aschinger,* Assistant Counsel, and *Lloyd S. Benjamin,* Counsel, for Commission, appellee.

*Charles L. McCormick,* with him *James F. Boyer,* for utility company, intervening appellee.

OPINION BY HIRT, J., November 15, 1954:

In this proceeding the Pennsylvania Public Utility Commission, after hearing, approved the application of West Penn Power Company for an exercise of eminent domain under Section 4(b) of the Act of May 21, 1921, P. L. 1057, 15 PS §1182. The Power Company had found it necessary to construct a 132,000 volt transmission line, extending from the Pennsylvania-West Virginia line in Fayette County to its Luxor Substation in Westmoreland County, in order to meet the growing demands for electric energy throughout the area. The right-of-way for the transmission line, which was approved in the present condemnation proceeding, involved the taking of a strip of land 100 feet in width and approximately 5,069 feet in length from a farm of 238 acres owned by appellant and six other heirs of a prior owner, as tenants in common. The Power Company brought this eminent domain proceeding on November 7, 1953, only after unsuccessful attempts to consummate an agreement with the owners, as to the route of the transmission line across their farm, and the amount of the resulting damages. It is admitted that all of the seven owners had proper notice of the application and all were present at the hearing before the Commission on January 7, 1954, at the time fixed in the notice.

The appellant, Edgar M. Byers, testified that after receiving notice of the hearing he consulted his brother

Frank T. Byers, one of the owners and a protestant in the eminent domain proceeding, and that Frank advised him that he had employed counsel to represent him personally and that it would not be necessary for the other owners to be represented by counsel at the hearing. At the conclusion of the applicant's testimony at the hearing before the examiner for the Commission, counsel for Frank T. Byers, stated: "We have nothing to offer, sir", and indicated that no brief would be filed. It is in effect averred that appellant and the other heirs were surprised by the action of Frank's counsel in failing to interpose a defense to the application, and, because of resulting nonplus and their inexperience in such matters, did not then protest the closing of the record as to them. Edgar M. Byers immediately consulted counsel who now represents him and five other owners of the farm. In a letter to the Commission, dated January 8, 1954 (the day after the hearing), counsel stated that Edgar M. Byers had asked him to prepare a petition for a *rehearing* in order that he can come before the Commission and state his objections to the granting of the application. The Commission replied by referring counsel to its rules under which "A petition for rehearing would be appropriate only after an adverse decision is rendered by the Commission." An adjourned hearing to give appellant the opportunity to interpose his defense might have better suited his purpose and a petition to reopen the proceeding and for a *further hearing* would have been appropriate. A petition for further hearing under Rule 54 of the Commission is directed to relief *before* decision. Appellant sought a "rehearing" as contemplated by the rules of the Commission in accord with §1006 of the Act of May 28, 1937, P. L. 1053, 66 PS §1396, and postponed its application for relief until *after* the adverse decision by the Commission. The petition for

a rehearing was not filed until more than four months after the original hearing in this case.

In its order dated May 3, 1954, the Commission found: "that the service to be furnished by West Penn Power Company through the exercise of the right of eminent domain . . . over and across the tracts of land herein referred to, is necessary or proper for the service, accommodation, convenience or safety of the public . . ." On that ground the application was approved. The Commission on June 1, 1954, denied the application for a rehearing. No appeal was taken from the order of May 3, 1954, approving the taking of the land by eminent domain. This appeal is from the order of June 1, 1954, denying appellant's petition for a rehearing. In the appeal we refused supersedeas.

The Power Company had the inherent right of eminent domain, conferred by Section 4(b) of the 1921 Act, supra, to appropriate private property necessary for its corporate use in "the construction, erection, operation, or maintenance of . . . facilities for generating electric light, heat, and power [and] for the transmission . . . thereof . . ." within stated limitations not applicable here. We have stated "that it is the duty of the administrative boards to hold fair and open hearings and to give notice so that those interested may have an opportunity to be heard and the 'rudiments of fair play' be observed": *McCormick v. Pa. P. U. C.*, 151 Pa. Superior Ct. 196, 30 A. 2d 327. There were no violations of these principles in the present case. All of the parties were present at the hearing and they did not protest the closing of the record as to them. Moreover they sat silent for more than four months after the hearing and took the chance of an unfavorable decision before petitioning for a further opportunity to be heard. And the evidence which they intended to offer at the rehearing was available and susceptible of pro-

duction long before the Commission acted. As a general rule, a petition for a rehearing may be refused where it is not apparent that the evidence which the petition states would be offered was not available at the time of the original proceeding. Cf. *United States v. Northern Pac. Ry. Co.,* 288 U. S. 490, 53 S. Ct. 406. But of more importance is the fact that the grounds alleged by the appellant in his petition even if proven at a rehearing would not convict the Commission of an abuse of discretion. And it is well settled that the grant of a rehearing is a matter within the discretion of the Commission and its action will not be reversed unless an abuse of discretion is shown. *Yellow Cab Co. et al. v. Pa. P. U. C.,* 161 Pa. Superior Ct. 41, 55, 54 A. 2d 301.

Appellant's petition avers that at a rehearing they will be able to produce testimony that the line to be constructed will be so near the dwelling house on the farm that it will endanger the lives of the occupants; that the lightning hazard induced by the 132,000 volt transmission line will jeopardize the occupants of the house. Under §1182 of the Act, supra, land may not be appropriated for transmission of electric energy within 300 feet of a dwelling house. Here the distance is at least 700 feet. In any view, even if there was merit in the averment, evidence in support of it was available at the time of the original hearing and at all times thereafter prior to the adverse order of the Commission and it is now too late to complain on that ground. The additional complaint most strenuously stressed is that the location of the route of the transmission line, approximately through the middle of the tract, will injuriously affect the efficent operation of the farm and will depreciate its value. The petitioner further asserted that if given the opportunity the heirs whom he represents will show at a rehearing that there is a

626

more suitable and equitable right-of-way across their farm. There is no merit in either contention which will justify a rehearing. The selection of a route for transmission lines is a matter for the public utility in the first instance and unless it is shown that it proposes to exercise the powers conferred upon it wantonly or capriciously the law does not intend that the Commission should withhold its approval merely because another route might have been adopted, which would damage the owners less or lessen the inconvenience to them in the operation of their farm. *Dickson v. P. S. C.*, 89 Pa. Superior Ct. 126; *Biddle v. P. S. C.*, 90 Pa. Superior Ct. 570. The petitioners' objections to the route of the right-of-way taken by eminent domain relate solely to damages for which the law provides adequate compensation. Cf. *Lamont v. West Penn Power Co.*, 300 Pa. 78, 150 A. 155; *Puloka v. Commonwealth*, 323 Pa. 36, 185 A. 801; *Regina et al. v. Monroe County*, 319 Pa. 257, 179 A. 36. These considerations are no defense to the taking of the land and do not charge the Commission with an abuse of discretion in approving the application.

Order affirmed.