Willits, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued November 16, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Basil C. Clare* and *John R. Graham*, for protestants, appellants.

*J. F. Aschinger*, with him *Howard L. Criden*, Assistant Counsel and *Thomas M. Kerrigan*, Acting Counsel, for Public Utility Commission, appellee.

*Samuel Graff Miller*, with him *Henry Paul Sullivan*, and *Vincent P. McDevitt*, for electric company, intervenor.

OPINION BY GUNTHER, J., December 28, 1956:

Appellants here are seeking reversal of the eight orders of the Public Utility Commission approving applications of Philadelphia Electric Company to exercise the right of eminent domain to acquire rights of way for the construction, operation and maintenance of a line for transmission or distribution of electricity. On August 25, 1956, we entered an order consolidating appeals Nos. 273, 278 and 290 October Term, 1956 for purposes of briefs and arguments, and we later allowed the remaining six cases here involved to be consolidated for brief and argument.

In June, 1955, the Philadelphia Electric Company applied to the Public Utility Commission for approval to condemn a strip of land 150 feet wide for a right of way and, in addition thereto, 50 feet on each side thereof for the purpose of trimming trees across appellants' properties. The company proposes to construct a 220,-000 volt aerial electric transmission line between its Bradford Substation in East Bradford Township, Chester County, and its Chichester Substation in Lower Chichester Township, Delaware County. To this application answers were filed by appellants who challenged the application on the ground that the land to be condemned was not for a public use and that the facilities and equipment proposed to be constructed were not necessary within the meaning of the Act of May 21, 1921, P. L. 1057, 15 P.S. 1182. The Township of Concord upon petition, was permitted to intervene, challenging the application on the ground that the granting of such application would violate its ordinance regulating the construction of the proposed line. Hearings on the application were held on October 18, 1955 and February 17, 1956, relating to the Morris property, and subsequent hearings were held on the

applications relating to the other appellants, but with the exception of the evidence produced by Philadelphia Electric Company, relating specifically to the individual property in question, the record in each of these other cases was made through incorporation by reference of the direct testimony and cross-examination in the Morris case. Thus, a determination of the Morris appeal will dispose of the others. After hearings, the Commission entered orders approving the applications and issued certificates of public convenience and necessity.

In *Phillips v. Pennsylvania Public Utility Commission*, 181 Pa. Superior Ct. 625, 124 A. 2d 625, we have ruled on the questions of necessity and selection of route covering the proposed line here involved. We shall not repeat here what we said in that case. Upon a review of the record in the instant appeals we find that approval of the application by the Commission is amply supported by the evidence. Nor do appellants seriously challenge the question of necessity; instead, they devote their contentions mainly to whether the line should be placed underground instead of overhead and whether by underground construction the cost would be reduced which ultimately would reduce the rate to be charged.

We are not concerned here with a rate case nor the costs which form the basis of a rate case. The question of comparative costs was considered by the Commission between overhead and underground lines in determining whether the route selected was arbitrary, wanton or capricious. We have stated that this Court will not substitute its own judgment for that of the Commission unless the order is clearly unreasonable and not in conformity with the law, or where there is a flagrant abuse of discretion. *Phillips v. Pennsylvania Public Utility Commission*, supra.

Appellants claim that the 150 foot strip to be taken for the right of way, plus the trimming rights for 50 feet on each side thereof is arbitrary and capricious and in violation of the Constitution, Article I, Section 10. In view of the fact that appellants do not dispute the testimony of the Company that a 150 foot right of way is necessary for an overhead line, and in view of the fact that whatever damages are ascertained must be paid to the property owners, we cannot agree with this contention.

The contentions of the intervening appellant, Concord Township, to the effect that such proposed line would violate its ordinance regulating the construction of such lines, that the taking of the proposed 150 foot strip would deprive the township of tax revenue are without merit. The regulation of utilities, the rendering of adequate and efficient service, and the making of necessary changes rest, in the first instance, with the Commission. This control, in the interest of service to the public, transcends the legitimate objectives of any one of the political subdivisions of the Commonwealth. *Duquesne Light Company v. The Township of Upper St. Clair,* 377 Pa. 323, 105 A. 2d 287. The attempt to regulate the manner of construction of electrical transmission lines is unenforceable. *Lower Chichester Township v. Pennsylvania Public Utility Commission,* 180 Pa. Superior Ct. 503, 119 A. 2d 674. The mere fact that a political subdivision is deprived of possible tax revenue has never been considered controlling in eminent domain proceedings.

We have examined the case of *Winger v. Aires,* 371 Pa. 242, 89 A. 2d 521 cited by appellants but do not consider it as controlling the instant case.

The orders of the Commission are affirmed.