Laird, Appellant, *v.* Pennsylvania Public Utility Commission.

458

Argued March 22, 1957. Before HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P.J., and GUNTHER, J., absent).

*Dallett Hemphill,* with him *M. Carton Dittmann, Jr.,* for appellant.

*Howard L. Criden,* Assistant Counsel, with him *Thomas M. Kerrigan,* Acting Counsel, for Public Utility Commission, appellee.

*Samuel Graff Miller,* with him *Henry Paul Sullivan,* and *Vincent P. McDevitt,* General Counsel, for utility company, intervening appellee.

OPINION BY WRIGHT, J., June 11, 1957:

This is the latest of several appeals arising from the proposed erection in Chester and Delaware Coun-

ties of a high power transmission line by the Philadelphia Electric Company. The total cost of construction will be approximately $1,500,000.00. The line will carry a 220,000 volt electric transmission system on steel towers from a substation in Lower Chichester Township, Delaware County, to a substation in East Bradford Township, Chester County, a distance of 19.5 miles. It will be interconnected with lines of the Pennsylvania Power and Light Company and the Public Service Electric and Gas Company. The proposed line will permit the transmission of large blocks of power into the Chester-Marcus Hook area, a heavily industrialized section. The line presently serving this area follows a circuitous course, tapped at several substations enroute. Its capacity of 66,000 volts is inadequate to meet the constantly increasing industrial load to be accommodated, and cannot be used as a direct connection for high capacity bulk power transmission.

Beginning in 1951, the Company began studies of the area between the Chichester and Bradford substations in order to determine the best route for the proposed line, giving consideration to the terrain, location of dwellings and other improvements, and other utility rights-of-way. Having preliminarily selected a route, the representatives of the Company met with groups of individuals and associations to discuss the general problem in an effort to develop a route which would be the most reasonable and acceptable to the property owners affected. The right-of-way as finally laid out and surveyed by the Company will cross a tract of land in East Bradford Township owned by William Winder Laird. The plot to be taken will be 150 feet in width, plus the right to trim trees for 50 feet on each side, with a center line length of 847 feet, containing in all 2.92 acres. The total area of the entire Laird farm is 233.86 acres. The proposed line will

traverse cultivated land in the extreme northwestern corner thereof.

Being unable to purchase the required right-of-way from Laird, the Company filed an application with the Pennsylvania Public Utility Commission on May 28, 1956, by virtue of which it sought approval of the exercise of the right of eminent domain under the provisions of the Act of May 21, 1921, P. L. 1057, 15 P.S. 1182, to acquire such right-of-way. See *Biddle v. P. S. C.*, 81 Pa. Superior Ct. 350. At the hearing on July 9, 1956, testimony was taken on behalf of both applicant and protestant. The Commission's order, dated October 29, 1956, approved the application, and directed that a certificate issue to such effect. Laird has appealed.

Appellant here asserts three contentions: (1) That the Company failed to meet its burden of proof to show that it is not practicable to reroute the proposed line to avoid the Laird property; (2) That the Company's action in crossing the Laird tract is arbitrary and capricious, in view of the fact that the proposed line may be rerouted to avoid the Laird property without affecting any additional property owners or parcels not heretofore affected; and (3) That the Company had not given proper consideration to the use of underground cable.

In *Lower Chichester Township v. Pa. P. U. C.*, 180 Pa. Superior Ct. 503, 119 A. 2d 674, we approved the location of the proposed Chichester substation. In *Phillips v. Pa. P. U. C.*, 181 Pa. Superior Ct. 625, 124 A. 2d 625, we affirmed the Commission's approval of the exercise of the right of eminent domain for another portion of the route here in question. See also *Willits v. Pa. P. U. C.*, 183 Pa. Superior Ct. 62, 128 A. 2d 105; *Charch v. Pa. P.U.C.*, 183 Pa. Superior Ct. 371, 132 A. 2d 894. In the instant case the Company adduced testi-

mony that a change in the course of the line, as sought by appellant in order to entirely avoid his farm, would require the installation of heavier angle towers, and would necessitate the procuring of additional rights-of-way over other properties. There was also testimony that the installation of underground cable was not feasible; that this more expensive type of installation has been utilized for short distances where overhead construction was not practicable, but experience has shown that overhead lines are more reliable, and are more readily maintained and repaired.

Appellant's first two contentions are sufficiently answered by our opinion in *Phillips v. Pa. P. U. C.*, supra, 181 Pa. Superior Ct. 625, 124 A. 2d 625, wherein we restated the well-established proposition that the selection of routes for transmission lines is a matter for the utility in the first instance and, unless it is shown that it proposes to exercise the powers conferred upon it wantonly or capriciously, or that the rights of the land owner have been unreasonably disregarded, the Commission is not required to withhold its approval merely because another route might have been adopted. Appellant's third contention was considered and decided adversely to his position in *Willits v. Pa. P. U. C.*, supra, 183 Pa. Superior Ct. 62, 128 A. 2d 105, wherein Judge Gunther said: "The question of comparative costs was considered by the Commission between overhead and underground lines in determining whether the route selected was arbitrary, wanton or capricious. We have stated that this Court will not substitute its own judgment for that of the Commission unless the order is clearly unreasonable and not in conformity with the law, or where there is a flagrant abuse of discretion".

We are not unsympathetic with appellant's situation. It is reasonable to assume that property owners

462

in general would prefer not to have a power line cross their lands. However, the area to be served includes oil refineries, ship building, steel production, and other industries vital to the nation's peacetime economy and national defense. The necessity for the line has already been established, and is not here questioned. Concededly the line must be erected over some route. The location finally decided upon, and the manner of construction, were dictated by considerations which, in the Commission's judgment, management had justifiably found controlling. Having performed our function on this appeal, we find no abuse of discretion, error of law, or lack of evidence to support the finding, determination, and order of the Commission. See *Lower Chichester Township v. Pa. P. U. C.*, supra, 180 Pa. Superior Ct. 503, 119 A. 2d 674.

Order affirmed.