## Pry Estate

*Hemstreet & Smith,* for petitioner.

*Milton J. Goodman, Jr.,* for Commonwealth.

PALMER, J., July 18, 1960.—This matter is before us on a citation to the Commonwealth of Pennsylvania to show cause why a decree of a Deputy Register of Wills of Northampton County refusing to admit to probate an alleged nuncupative will should not be set aside and the will probated.

The facts are not in dispute. Decedent died November 10, 1959, without heirs. On November 23, 1959, the following writing was offered to the register of wills for probate as the last will and testament of decedent:

"Patient, Mr. David Pry, was hospitalized—in critical condition— from metastatic lung cancer. The evening of November 9, 1959, I went in to see him together with Mrs. Betty Kantner of 1806 Hanover Street, Allentown, Pa., who was my office nurse. At this time, about 9:00 P. M. Mr. Pry was in an oxygen tent, very weak, able to respond only for a few minutes and then lapsing into unconsciousness. Mr. Pry had earlier that day asked me how he was doing, as he had never felt so weak or helpless. I roused Mr. Pry, and he asked that Mrs. Kantner and I come close to the bedside. He stated that he felt that he was not going to get better, and he wanted us to tell Edith (Mrs. Faust) that if anything happened to him, because she had taken care of him, he wanted her to have everything. I tried to reassure him that he would be alright, but he was asleep or unconscious and not responding before I finished. To the best of my knowledge he did not further respond and I was called about 6:45 A. M. on the 10th of November and was told that he had expired.

S/ Robert S. Stein, M.D.
November 19, 1959
S/ Mrs. Betty Kantner

NORTHAMPTON COUNTY
WITNESS TO NUNCUPATIVE WILL
STATE OF PENNSYLVANIA
SS
COUNTY OF NORTHAMPTON

On the 8th day of January, 1690, A. D., before me John J. McHugh, Deputy Register for the Probate of Wills, and granting letters of Administration, in

and for said County, personally appeared Robert S. Stein, M. D., and Mrs. Betty Kantner, who being duly sworn according to law, did depose and say that they were present on the 9th day of November 1959, A. D. at the Easton Hospital, Easton, Pa., County of Northampton, during the time of his last illness, and did then and there hear the said David W. Pry utter what is contained in the above writing, that he did bid them to bear witness that it was his last will, and that at the time of so doing he was of sound mind, and memory and understanding, to the best of their knowledge, observation and belief; that at the time of the speaking of said words, nor afterward until his death, in his extremity, for him to execute a will in writing. Sworn to and subscribed before me the day and date above mentioned.

Donald S. Sawyer, Register

Per ........................

S/ Robert S. Stein, M.D.

S/ Mrs. Betty Kantner"

On January 8, 1960, a hearing was held before a deputy register of wills of this county to determine whether this alleged nuncupative will should be probated. At this hearing, testimony was introduced to the effect that the assets of the estate, exclusive of burial benefits, totaled $541.40. The debts totaled $659 and consisted of claims by the Ashton Funeral Home, Dr. Stein and the Easton Hospital.

On January 25, 1960, probate was refused on the ground the will attempted to dispose of personal property having an aggregate value of more than $500.

The question to be resolved is a narrow one: i. e. Does the provision contained in subparagraph (b), sec. 3 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.3, that "A nuncupative will attempting to dispose of personal property of an aggregate value in

excess of five hundred dollars, . . . shall be wholly void" refer to the gross value or the net value of decedent's personal property?

We believe the deputy register of wills correctly disposed of this question.

It has long been the law that nuncupative wills, though tolerated, are not favored by the law and, in the absence of strict compliance with all of the provisions of the statute authorizing them, they will not be probated: Yarnell's Will, 4 Rawle 46; Boyer v. Frick, 4 W. & S. 357; Haus v. Palmer, 21 Pa. 296.

In McClellan's Estate, 325 Pa. 257, 261, Justice Barnes stated that, "In considering the oral declarations of a decedent made with dispositive intent during a last illness, which are thereafter sought to be probated as a last will and testament of personal property, we are faced with conditions imposed by statute, a strict compliance with which is necessary in order to entitle such will to the sanction of probate. From an early day our courts have held consistently that the absence of a rigid observance of these statutory requirements is necessarily fatal to the validity of such an instrument. In their essence, these restrictions are not merely arbitrary rules of law. They have their foundation in the depths of experience, and are regarded as fundamentally essential to safeguard the estates of deceased persons against fraud and perjury in setting up death-bed wills of this nature. For that reason often it has been repeated, in the cases dealing with the subject, that unwritten or nuncupative wills, though tolerated, are by no means favorites of the law."

When strictly construed, what do the words "personal property of an aggregate value in excess of $500" mean?

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51 , 46 PS §551, requires that

"Every law shall be construed, if possible, to give effect to all its provisions," and our appellate courts have repeatedly held that no word contained in a statute is to be left meaningless, unless no other construction is possible: Charch v. Pennsylvania Public Utility Commission, 183 Pa. Superior Ct. 371. Every word, sentence or provision must be given effect (Sterling v. Philadelphia, 378 Pa. 538), and a court, in construing a statute may not delete or disregard words contained therein: City of Allentown v. Pennsylvania Public Utility Commission, 173 Pa. Superior Ct. 219.

The words "aggregate value" may not, therefore, be disregarded. In the Estate of J. Henry Miller, 110 Pa. Superior Ct. 384, the Superior Court adopted the following definition of the word "aggregate" contained in the opinion of the lower court:

"The word aggregate is in common use and is defined in the Century Dictionary as 'a sum, mass or assemblage of particulars; a total or gross amount; any combined whole considered with reference to its constituent parts.' 'An aggregate is essentially a sum.' " In 3 C. J. S. p.p. 349-350, when used as an adjective, it is defined "As a unit; as a whole; complete; whole; formed into a mass or sum by a collection of particulars."

As used in the instant statute, it is apparent that the words "personal property of an aggregate value in excess of five hundred dollars" mean personal property the total or gross value of which exceeds $500.

If the legislature had intended to permit the probate of a nuncupative will in which a decedent attempted to dispose of property having a gross value in excess of $500, but a net value of less than this amount, the statute would so have provided.

Construing the statute strictly, as we are required to do, and giving effect to all of the words contained therein according to their commonly accepted and dic-

tionary definition, we must sustain the ruling of the deputy register of wills and hold void the nuncupative will now before us.

*Order*

And now, July 18, 1960, the citation directed to the Commonwealth of Pennsylvania to show cause why the instant appeal from the decree of the Deputy Register of Wills of Northampton County refusing to admit to probate the nuncupative will of David W. Pry, deceased, should not be sustained and the decree set aside, is discharged and said decree is hereby affirmed.