## Lansdale Borough, Appellant, *v.* Philadelphia Electric Company.

648

Argued April 26, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Aaron S. Swartz, 3rd,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*Harold E. Kohn,* with him *Samuel G. Miller, Robert P. Garbarino, Bruce W. Kauffman, Vincent P. McDevitt,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellee.

*Vincent Butler,* with him *Austin Gavin,* and *Edward H. Feege,* for appellee.

*Northcutt Ely,* General Counsel, and *Ely, Duncan and Bennett,* of the Washington, D. C. Bar, for amicus curiae.

OPINION BY MR. JUSTICE COHEN, May 22, 1961:

The Borough of Lansdale, appellant, sought a declaratory judgment in the court below to assert its exclusive right under the authority of The Borough Code,[1] to sell electricity in an area recently annexed by the Borough but presently serviced by the Philadelphia Electric Company (Company), appellee.

The lower court dismissed the petition on the grounds that jurisdiction of the subject matter is vested solely in the Pennsylvania Public Utility Commission, and the Borough appealed.

It is unquestioned that the Public Utility Law gives the Pennsylvania Public Utility Commission (PUC) exclusive and comprehensive regulatory jurisdiction over appellee's activities.[2] On the other hand it is readily acknowledged that a borough, to the exclusion of the PUC, has jurisdiction over its own electric service when confined within the borough's boundaries. In fact, The Borough Code prohibits the introduction of electric current into the Borough without the consent of the Borough authorities.[3] The PUC, however, has jurisdiction over any portion of the Borough's service which extends beyond the limits of the Borough.[4]

The problem here is to determine whether a utility which has been granted a certificate of public convenience by the PUC for the rendition of electricity in an area may, without prior approval of the PUC, be required *by decree of the court of common pleas* to abandon or surrender that service because the area was recently annexed by a borough.

---

[1] Act of May 4, 1927, P. L. 519, as amended, 53 PS §47470.

[2] Act of May 28, 1937, P. L. 1053, as amended, 66 PS §§1101-1562.

[3] Act of May 4, 1927, P. L. 519, as amended, 53 PS §47470.

[4] Act of May 28, 1937, P. L. 1053, as amended, 66 PS §1122(g).

Although we still possess the right of judicial scrutiny over the acts of the PUC,[5] no principle has become more firmly established in Pennsylvania law than that the courts will not originally adjudicate matters within the jurisdiction of the PUC. Initial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC—not in the courts. It has been so held involving rates,[6] service,[7] rules of service,[8] extension and expansion,[9] hazard to public safety due to use of utility facilities,[10] installation of utility facilities,[11] location of utility facili-

---

[5] *Cheltenham and Abington Sewerage Co. v. Pa. P. U. C.*, 344 Pa. 366, 25 A. 2d 334 (1942), at 372: "The review of orders of the commission by the courts is a judicial function whereby it is determined whether the commission has acted within its delegated powers and within the constitution."

[6] *Cheltenham and Abington Sewerage Co. v. Pa. P. U. C.*, 344 Pa. 366, 25 A. 2d 334 (1942) ; *Bellevue Borough v. Ohio Valley Water Co.*, 245 Pa. 114, 91 Atl. 236 (1914) ; *Sheets v. Pa. P. U. C.*, 171 Pa. Superior Ct. 151, 90 A 2d 633 (1952) ; *State College Borough Authority v. Pa. P. U. C.*, 152 Pa. Superior Ct. 363, 31 A. 2d 557 (1943).

[7] *Reading Co. v. Pa. P. U. C.*, 188 Pa. Superior Ct. 146, 146 A. 2d 746 (1958) ; *Latrobe Bus Service v. Pa. P. U. C.*, 175 Pa. Superior Ct. 164, 103 A. 2d 442 (1954) ; *Altoona v. Pa. P. U. C.*, 168 Pa. Superior Ct. 246, 77 A. 2d 740 (1951) ; *Ambridge Borough v. Pa. P. U. C.*, 137 Pa. Superior Ct. 50, 8 A. 2d 429 (1939).

[8] *Hickey v. Philadelphia Electric. Company*, 122 Pa. Superior Ct. 213, 184 Atl. 553 (1936) ; *Beaver Valley v. Public Service Commission*, 70 Pa. Superior Ct. 621 (1918).

[9] *Lower Chichester Twp. v. Pa. P. U. C.*, 180 Pa. Superior Ct. 503, 119 A. 2d 674 (1956) ; *Willits v. Pa. P. U. C.*, 183 Pa. Superior Ct. 62, 128 A. 2d 105 (1956).

[10] *Midland Borough v. Steubenville, etc., Co.*, 300 Pa. 134, 150 Atl. 300 (1930) ; *Reading Co. v. Pa. P. U. C.*, 188 Pa. Superior Ct. 146, 146 A. 2d 746 (1958) ; *Postal Telegraph-Cable Co. v. Pa. P. U. C.*, 154 Pa. Superior Ct. 340, 35 A. 2d 535 (1944).

[11] *York Water Co. v. York*, 250 Pa. 115, 95 Atl. 396 (1915) ; *Willits v. Pa. P. U. C.*, 183 Pa. Superior Ct. 62, 128 A. 2d 105 (1956).

ties,[12] obtaining, alerting, dissolving, abandoning, selling or transferring any right, power, privilege, service, franchise or property[13] and rights to serve particular territory.[14]

The Public Utility Law requires a certificate of public convenience to be obtained before any public utility can dissolve, abandon, surrender, in whole or in part, any service, or transfer by any method whatsoever any tangible or intangible property used in the public service.[15] Nevertheless, the Borough desires a court to initially determine whether the appellee must dissolve, abandon, sell, transfer or discontinue its already obtained franchise privilege to render service in this newly annexed area. Our courts do not possess the jurisdiction to make such a determination.

Although the Borough is armed with the provisions of The Borough Code,[16] it can only effectuate its purpose by initially proceeding before the PUC. The Public Utility Law contemplates such procedures by providing that: "The commission, or any person, corpora-

---

[12] *Lower Chichester Twp. v. Pa. P. U. C.*, 180 Pa. Superior Ct. 503, 119 A. 2d 674 (1956) ; *Willits v. Pa. P. U. C.*, 183 Pa. Superior Ct. 62, 128 A. 2d 105 (1956).

[13] *New Brighton Borough v. New Brighton Water Co.*, 247 Pa. 232, 93 Atl. 327 (1915) ; *General Telephone Co. of Pa. v. Pa. P. U. C.*, 192 Pa. Superior Ct. 563, 161 A. 2d 906 (1960) ; *Pittston Gas Co. v. Pa. P. U. C.*, 190 Pa Superior Ct. 365, 154 A. 2d 510 (1959) ; *Newport Home Water Co. v. Pa. P. U. C.*, 174 Pa. Superior Ct. 522, 102 A. 2d 221 (1954) ; *Pottstown Borough v. Pa. P. U. C.*, 144 Pa. Superior Ct. 220, 19 A. 2d 610 (1941).

[14] *Fogelsville and Trexlertown Electric Co. v. Pa. Power and Light Co.*, 271 Pa. 237, 114 Atl. 822 (1921) ; *General Telephone Co. of Pa. v. Pa. P. U. C.*, 192 Pa. Superior Ct. 563, 161 A. 2d 906 (1960) ; *Pittston Gas Co. v. Pa. P. U. C.*, 190 Pa. Superior Ct. 365, 154 A. 2d 510 (1959).

[15] Act of May 28, 1937, P. L. 1053, as amended, 66 PS §§1122(d) and (e).

[16] Act of May 4, 1927, P. L. 519, as amended, 53 PS §47470.

tion or *municipal corporation* having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission. . . ." (Emphasis supplied) [17] Initial jurisdiction over the instant controversy is vested in the PUC and the available administrative remedies must be resorted to before the courts can exercise their power of review.

    Order affirmed.

[17] Act of May 28, 1937, P. L. 1053, as amended, 66 PS §1391.