(105 So. 264)

## JASPER LAND CO. v. ALABAMA POWER CO.  (6 Div. 415.)

(Supreme Court of Alabama.  June 18, 1925.)

1. **Eminent domain** ⚖1—**Power of eminent domain, in taking private property for public use, necessary power.**

The power of eminent domain, exercised in taking of private property for public use, is a necessary power, and rights of landowner are safeguarded by mandatory requirements that just compensation be paid and due process of law provided.

2. **Eminent domain** ⚖59—**Power company held entitled to additional right of way of statutory width, contiguous to existing one over lands of same owner.**

Under Code 1923, §§ 7193, 7196, 7202, held that a hydroelectric company may acquire by condemnation an additional right of way of statutory width, for additional transmission lines parallel with and adjoining an existing right of way over lands of the same landowner, when necessities of public service require such additional right of way.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Condemnation proceedings by the Alabama Power Company against the Jasper Land Company. From a judgment of condemnation defendant appeals. Affirmed.

Charles R. Wiggins, of Jasper, for appellant.

By one condemnation appellee exhausted its power to acquire rights of way over appellant's land contiguous to the strip already condemned. Code 1923, § 7196; Hoffman v. Susquehanna R. Co., 43 Pa. Super. Ct. 19; 20 C. J. 640; Erie R. Co. v. Steward, 170 N. Y. 172, 63 N. E. 118.

Martin, Thompson, Foster & Turner and H. A. McWhorter, all of Birmingham, and A. F. Fite, of Jasper, for appellee.

Power companies are not limited to a right of way for single transmission lines, but may acquire lands for as many lines as necessary; and the condemnor may select such property as it shall find necessary for its public use. Code 1923, §§ 7193, 7027; Lewis on Eminent Dom. (3d Ed.) § 300; Union Pac. v. Postal Tel. Co., 30 Colo. 133, 69 P. 564, 97 Am. St. Rep. 106; Oregon Short Line R. Co. v. Postal Tel. Co., 111 F. 842, 49 C. C. A. 663; Mobile' & G. R. Co. v. Ala. Midland Ry. Co., 87 Ala. 501, 6 So. 404.

BOULDIN, J.   The sole question in this cause is whether a hydroelectric company may acquire by condemnation an additional right of way of statutory width, for additional transmission lines parallel with and adjoining the existing right of way, and over the lands of the same landowner, when the necessities of the public service require such additional right of way.

In the agreed statement of facts appears the following:

"The applicant heretofore acquired from the defendant by condemnation ways and rights of way 100 feet in width across the lands of the defendant as described in said application. Such ways and rights of way so heretofore acquired across · the lands of defendant are contiguous and parallel to the ways and rights of way sought to be acquired by said application. Such ways and rights of way so heretofore acquired are now in use to their capacity by the applicant for its tower, pole, and wire lines. But the tower, pole, and wire lines for which said ways and rights of way were so heretofore acquired are separate, distinct, and different from the tower, pole, and wire lines which applicant proposes to construct, operate, and maintain upon the ways and rights of way sought to be condemned by said application."

Power companies "have the following rights, powers and authority. * * * To acquire by condemnation the necessary lands for substations and transmission lines." Code § 7193.  "Such corporations shall have the right and authority to acquire by condemnation ways and rights of way not exceeding a width of one hundred feet for the total length of such rights of way upon which to erect tower, pole or wire lines for the manufacture, supply and sale of power produced by water as a motive force. * * *" Code, § 7196.  Such company is "under the duty and obligation to the public to manufacture and sell to the public current" "as far as the capacity of its plant will permit." Code, § 7202.

The case turns upon a construction of these statutory provisions.

Appellant's view is that, having acquired one right of way of full width, the power of condemnation is exhausted as to that tract of lands, and that the proposed condemnation is merely an extension of the width of appellee's right of way in excess of the statutory limit.

[1] We do not concur in this view.   The power of eminent domain exercised in the taking of private property for public use is a necessary power.   The rights of the landowner are safeguarded by mandatory requirements that just compensation be first paid and due process of law provided in condemnation proceedings.   The several statutes must be construed together to carry out the purposes in hand.

[2] Electric energy, in the nature of the case, is generated at a central point, and thence transmitted over lines radiating therefrom to furnish light, heat, and motive power to customers over extended areas. The statutes contemplate not one transmission line, but as many as the service requires, and all "necessary" rights of way therefor.   Nothing indicates these several rights of way shall be over separate tracts of land or under different ownership.   The public duty imposed upon the company calls for an expanding business as "demands are made" therefor to the "capacity of its plant." Code, § 7202.

When one right of way is used to its capacity by existing lines, a right of way for new transmission lines to carry distinct current for additional service is essentially another right of way within the purposes of the law.   The fact that it is located contiguous to the other does not alter the situation.   Manifestly the damages to the landowner would usually be less by using one zone for both lines than by cutting two separate strips through the same tract.   The limit of 100 feet fixed by section 7196 will be taken to apply to each of the "rights of way" acquired from time to time as the' necessities of the service shall demand.   The power to acquire rights of way is not exhausted by the first taking.   Cooper v. Anniston & ·Atlantic R. R. Co., 85 Ala. 106, 4 So. 689.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur. .