60 So.2d 681

**BERRY v. ALABAMA POWER CO.**

**6 Div. 418.**

Supreme Court of Alabama.

Oct. 9, 1952.

Martin, Turner, Blakey & Bouldin and S. Eason Balch, Birmingham, for appellee.

Albert Boutwell and Wm. S. Halsey, Jr., Birmingham, for appellant.

SIMPSON, Justice.

This is a condemnation proceeding instituted by appellee against appellant under the eminent domain statute seeking to condemn an additional 50-foot strip of land for additional transmission lines paralleling a 100-foot right of way over the owner's land previously condemned.

On February 19, 1952, appellee acquired by condemnation a 100-foot strip of land over appellant's property for the purpose of constructing a transmission line for distribution and sale of its product to the public. The construction has not yet been completed, but when so will fill such right of way to capacity. This proceeding is to condemn an additional 50-foot strip to be used for the construction or erection of another transmission line for additional service to the public.

The question for decision is, does a hydroelectric company have authority to acquire by condemnation this additional right of way for additional transmission lines over the lands of the same owner, when the first right of way has not yet been used to capacity, though the company has in existence plans and intends forthwith to construct according to such plans its said transmission lines and which when constructed will fill said original right of way to capacity, and when the additional 50-foot strip sought to be condemned is necessary for an additional right of way for additional transmission lines?

The trial court held to the affirmative of the question and ordered the right of way condemned. The property owner has appealed and challenges the correctness of that ruling.

The agreed stipulation of facts is as follows:

"* * * that this court has heretofore on, to-wit, the 19th day of February, 1952, entered a final order or a judgment condemning to the use of applicant in this cause a right of way one hundred (100) feet in width, on, over and along lands of defendant which lie contiguous to the fifty (50) foot strip of land of defendant which applicant seeks to acquire by this proceeding, for use as a right of way upon which to construct, operate and maintain electric transmission lines and appurtenances thereto; that the one hundred (100) foot right of way condemned in such former proceeding is not presently used to its capacity; that applicant has in existence plans and intends forthwith to construct, according to such plans, a transmission line over and across such one hundred (100) foot right of way which was acquired by applicant in such former condemnation proceeding which, when completed, will fill such one hundred (100) foot right of way to capacity, and that the fifty (50) foot right of way sought to be condemned in this proceeding is to be used by applicant for new and distinct transmission lines to be used for supplying additional electric service to the public."

Appellant takes the position that the case of Jasper Land Co. v. Alabama Power Co., 213 Ala. 357, 105 So. 264, declared the principle that use of the first right of way to its capacity by existing lines was a condition precedent to the granting of a subsequent contiguous right of way. Such was not the purpose or effect of that decision. We quote from that opinion:

"* * * The power of eminent domain exercised in the taking of private property for public use is a necessary power. The rights of the landowner are safeguarded by mandatory requirements that just compensation be first paid and due process of law provided in condemnation proceedings. The several statutes must be construed together to carry out the purposes in hand.

"Electric energy, in the nature of the case, is generated at a central point, and thence transmitted over lines radiating therefrom to furnish light,

heat, and motive power to customers over extended areas. The statutes contemplate not one transmission line, but as many as the service requires, and all 'necessary' rights of way therefor. Nothing indicates these several rights of way shall be over separate tracts of land or under different ownership. The public duty imposed upon the company calls for an expanding business as 'demands are made' therefor to the 'capacity of its plant.' Code, § 7202 [Code 1940, Tit. 7, § 187].

"When one right of way is used to its capacity by existing lines, a right of way for new transmission lines to carry distinct current for additional service is essentially another right of way within the purposes of the law. The fact that it is located contiguous to the other does not alter the situation. Manifestly the damages to the landowner would usually be less by using one zone for both lines than by cutting two separate strips through the same tract. The limit of 100 feet fixed by section 7196 will be taken to apply to each of the 'rights of way' acquired from time to time as the necessities of the service shall demand. The power to acquire rights of way is not exhausted by the first taking. * * *" 213 Ala. 358, 105 So. 264.

See also 29 C.J.S., Eminent Domain, § 94, page 891.

Thus the gist of our holding was and is that "The statutes contemplate not one transmission line, but as many as the service requires, and all 'necessary' rights of way therefor" and that "The limit of 100 feet fixed by section 7196 [Code 1923; § 181, Title 10, Code 1940] will be taken to apply to each of the 'rights of way' acquired from time to time as the necessities of the service shall demand." In the circumstances of the instant case where by stipulation of facts it is agreed that the taking is for a necessary purpose and that the rights of way acquired and to be acquired are intended to be used forthwith for construction of transmission lines and as to the first, when completed, will be used to its capacity, there cannot be said

to be any difference between a use already made and one to be forthwith made. Both are in the public service, the propriety otherwise of the condemnation having been established.

The statute does not prescribe as a condition to the condemnation of an adjoining strip for the purpose of erecting on it another wire line in addition to that existing on the right of way already condemned, that such existing right of way shall have been used to its capacity. The theory of the requirement of the Jasper Land Company case is that an additional strip may not be condemned when the utility already possesses one sufficient to satisfy its needs.

■ The general principle is well established that the delegation of the power of eminent domain to a grantee, without restriction, carries with it the power to locate the route, and its location or necessity will not be interfered with by the courts if it is made by the utility in good faith and is not capricious or wantonly injurious. 29 C.J. S., Eminent Domain, § 91, page 886; Alabama Interstate Power Co. v. Mt. Vernon-Woodberry Cotton Duck Co., 186 Ala. 622, 65 So. 287; 19 Am.Jur. 733, §§ 106, 108. The Jasper Land Company case does not infringe on that principle.

■ There is no prescribed rule that such full use of the old strip shall have been exercised before the other strip is condemned for a like purpose. If the old strip is being filled up and will be filled up before the second strip is to be used or along with the use of the second strip, the principle of the Jasper Land Company case should be held to have been satisfied, for then it cannot be said that the condemnation of the additional strip is capricious or wanton. Necessity to condemn is a legislative question, not judicial. It is granted by statute to petitioner. §§ 74, 75, 181, Title 10, Code 1940. The province of the court is to see that the right is not abused. 65 A.L.R. 504; 18 Am.Jur. 735, § 108, 738, § 111.

■■ As stated, the matter of authorizing condemnation of rights of way by eminent domain is the prerogative of the lawmaking body. And when the power

has been undoubtedly conferred by statute, the statute must be reasonably construed, to the end that the general good shall not be hampered or embarrassed by a narrow or technical interpretation. Lewis, Eminent, Domain, § 390, p. 711.

We are in accord with the ruling below. Affirmed.

LIVINGSTON, C. J., and STAKELY and GOODWYN, JJ., concur.