IN THE MATTER OF THE PROCEEDINGS BY THE CITY OF GREENSBORO FOR CONDEMNATION OF A RIGHT-OF-WAY ACROSS PROPERTY OF RACHEL E. FLINCHUM, AND HUSBAND, JAMES W. FLINCHUM

No. 7418SC41

(Filed 20 March 1974)

1. Eminent Domain § 11— appeal to superior court — site selection — question of arbitrariness

In an appeal to the superior court from a resolution of condemnation by a city, the question of whether the city acted arbitrarily and capriciously in its determination of the site to be condemned is a preliminary question of fact to be determined by the trial judge, and though he has the discretion to submit such preliminary question to the jury, he is not required to do so. G.S. 40-20; G.S. 160A-256.

2. Eminent Domain § 1— choice of route

Where an administrative agency or municipality has been granted the power of condemnation, the choice of a route or site is primarily within its discretion and will not be reviewed on the ground that

another route may have been more appropriately chosen, unless it appears that there has been an abuse of discretion.

**3. Eminent Domain § 1— choice of route**

The trial court did not err in its conclusion that a city did not act arbitrarily in condemning a right-of-way for a sewer outfall line across respondents' property rather than along two alternate routes offered by respondents where the court made findings based on the reports of two engineers that the proposed route was preferable to either of the alternate routes because of the impracticality of installation and maintenance of the line.

**4. Eminent Domain § 11— appeal to superior court — issue of damages — trial de novo**

Respondents' appeal to superior court from a condemnation proceeding presented the issue of damages for trial *de novo* before a jury without regard to the sum originally awarded by the commissioners of appraisal.

**5. Eminent Domain § 6— evidence of value — competency of witness**

The trial court in a condemnation proceeding did not err in the exclusion of a witness's testimony based upon its conclusion that the witness did not show adequate knowledge of the value of the property at the time.

APPEAL by respondents from *Crissman, Judge,* 23 April 1973 Session of Superior Court held in GUILFORD County. Argued in the Court of Appeals on 22 January 1974.

The petitioner, City of Greensboro, attempted to acquire a right-of-way for the installation of a sanitary outfall line across the respondents' property. When a voluntary purchase failed, the City Council of the City of Greensboro proceeded to condemn the right-of-way under § 6.101 *et seq.* of the Greensboro City Charter. On 7 July 1972, respondents were served with a resolution of condemnation along with a notice of the meeting of appraisers. A Board of Appraisers met on respondents' property on 11 August 1972, viewed the property, and heard evidence from both parties involved. The Board of Appraisers unanimously voted to award respondents $944.00 for the taking of a right-of-way. The report of the appraisers and condemnation resolution was adopted by the City Council on 6 November 1972.

Respondents appealed the final resolution of condemnation to the Superior Court of Guilford County in accordance with § 6.112 of the Greensboro Charter. The only issue submitted to the jury was the amount of damages respondents were entitled to recover. The jury returned a verdict in the amount of $1250.00. Respondents appealed.

*Jesse L. Warren, Samuel M. Moore, and Dale Shepherd for petitioner-appellee.*

*Walker, Short & Alexander, by E. Raymond Alexander, Jr., for respondents-appellants.*

BROCK, Chief Judge.

The parties stipulated in a pre-trial order that the only issues before the trial court were the following:

(1) Did the City of Greensboro abuse its discretion and act arbitrarily and capriciously in condemning the right-of-way across the property of the respondents?

(2) What amount of damages, if any, are the respondents, Rachel E. Flinchum and husband, James W. Flinchum, entitled to recover as just compensation for the taking of the right-of-way across their property?

The question of arbitrariness on the part of the City of Greensboro must be viewed as two separate assignments of error. Respondents contend that (1) the question of arbitrary and capricious action on the part of the City of Greensboro should have been submitted to the jury, and (2) that the trial judge committed error in finding that the City of Greensboro did not act arbitrarily in the condemnation of the right-of-way across respondents' property.

[1] In an appeal to the Superior Court from a resolution of condemnation by a city, the question of whether the city acted arbitrarily and capriciously in its determination of the site to be condemned is a preliminary question of fact to be determined by the trial judge. Only the trial of the issue of damages is required to be *de novo* by a jury. See G.S. 40-20 and G.S. 160A-256. Although it seems that the trial judge may, in his discretion, submit some or all of the preliminary questions of fact to the jury, he is not required to do so. In an appeal wherein it was contended that the Housing Authority acted arbitrarily and capriciously in selecting the site to be condemned, our Supreme Court said: "Conceding, as we may, that the issuable question thus presented was a question of fact reviewable by the presiding Judge (citations omitted), nevertheless it was within the discretionary power of the Judge to submit the question to the jury for determination. (Citations omitted.)" *In re Housing Authority,* 235 N.C. 463, 70 S.E. 2d 500.

In re Condemnation by Greensboro

The trial judge did not commit error in failing to submit this issue to the jury. This portion of the assignment of error is overruled.

Respondents also contend that the trial judge committed error in failing to find that the City of Greensboro acted arbitrarily in its condemnation of a specific portion of respondents' property rather than along two alternative routes offered by respondents.

[2, 3] Where an administrative agency or municipality has been granted the power of condemnation, the choice of a route or site is primarily within its discretion and will not be reviewed on the ground that another route may have been more appropriately chosen, unless it appears that there has been an abuse of discretion. In this case, the trial judge made findings of fact, based upon the reports of two engineers, that the proposed route of condemnation was preferable to either of the two routes proposed by the respondents due to the impracticality of installation and future maintenance of the line. The trial judge then concluded, as a matter of law, that the City of Greensboro did not abuse its discretion or act in an arbitrary or capricious manner in condemning the right-of-way across respondents' property.

The facts found, based upon competent evidence, support the conclusion of law and are, therefore, conclusive. This assignment of error is overruled.

[4] Respondents' appeal to the Superior Court presented for trial *de novo* by jury the issue as to the amount of damages respondents are entitled to recover as a result of the condemnation.

" . . . [W]hen either party to a condemnation proceeding appeals to the Superior Court in term and demands that the damage be determined by a jury, the trial must proceed in the Superior Court in so far as the question of damages is concerned as though no commissioners of appraisal had ever been appointed. This being true, it necessarily follows that the Superior Court at term is vested with authority to enter judgment for the landowner for the amount of damages fixed by the verdict of the jury, regardless of whether the same be greater or smaller than the sum originally awarded by the commissioners of appraisal, and regardless of whether the landowner or the condemnor took the appeal." *Proctor v. Highway Commission*, 230 N.C. 687, 55 S.E. 2d 479. *See* G.S. 40-20.

The record discloses that the appraisers assessed damages in the amount of $944.00. The jury, after hearing the testimony of respondents' witnesses, each witness giving his opinion as to the extent to which respondents' property had been damaged, rendered a verdict in the amount of $1250.00. The trial judge rendered judgment accordingly.

Respondents have availed themselves of their procedural statutory rights and have obtained compensation as prescribed by statute. Absent error at the trial *de novo,* the judgment must be affirmed.

[5]  Respondents contend the trial court committed error when it excluded witness Hull's testimony based upon its conclusion that the witness did not show an adequate knowledge of the value of the property at the time and, therefore, did not qualify as being able to give an opinion upon the value of the property.

"Objection to the competency of a witness must be made in the trial court by a motion for the judge to pass upon the competency. The question must be left 'mainly, if not entirely,' to the discretion of the trial judge, and his decision is not reviewable except, perhaps, for a clear abuse of discretion, or where the ruling is based on an erroneous conception of the law. Stansbury, N. C. Evidence 2d, § 55." *State v. Fuller,* 2 N.C. App. 204, 162 S.E. 2d 517.

Other witnesses for respondents testified and gave opinions as to the value of the land; their testimony was not stricken from the record.

This assignment of error is overruled.

For the reasons stated, we find that respondents received a fair trial, free from prejudicial error.

No error.

Judges MORRIS and CARSON concur.