Hillman Coal & Coke Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*David S. Watson, Thorp, Reed & Armstrong,* for petitioner.

*Louise Russell Knight,* Assistant Counsel, with her *Steven A. McClaren* and *Shirley Rae Don,* Deputy Counsels, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

*Edward S. Stiteler,* for Amicus Curiae, West Penn Power Company.

OPINION BY JUDGE BLATT, August 18, 1981:

The petitioner, Hillman Coal & Coke Company, challenges an order of the Pennsylvania Public Utility Commission (Commission) which granted an application by West Penn Power Company (West Penn) to exercise the power of eminent domain as to property owned by the petitioner.

The petitioner's 90-acre tract of land here in question is presently used for strip mining and West Penn has a right-of-way across it for an existing electrical transmission line. West Penn sought approval from the Commission to exercise the power of eminent domain under the Act of May 8, 1889, P.L. 136, added by Act of May 21, 1921, P.L. 1057, *as amended,* 15 P.S. §3272, in order to acquire two additional easements: one for construction of a new transmission line which would run to the north of and parallel to the existing right-of-way and the other easement for an access road.[1]

---

[1] The two easements would measure 100 feet wide by 1786 feet long and 40 feet wide by 1485 feet long respectively.

A hearing on West Penn's application was held before an administrative law judge (ALJ) who submitted an initial decision to the Commission including findings of fact and conclusions of law and an order directing the scheduling of a future hearing for the purpose of taking additional evidence on certain specified matters.[2] After a public meeting, the Commission referred the matter back to the ALJ with the instruction that he either conduct additional hearings if they were deemed to be necessary or present the case to the Commission for its final determination.[3] The ALJ subsequently held a second hearing and then filed a supplemental initial decision finding that West Penn's choice of the routes for the new transmission line and for the access road was reasonable, in good faith and not arbitrary, wanton

---

[2] The ALJ's order provides:

In consideration of the foregoing, it is ordered that future hearing be scheduled for the purpose of receiving testimony and exhibits on the following matters:

a. West Penn Power Company's evaluation of an alternate route across the Hillman Coal and Coke property to the immediate south of the present line.

b. West Penn Power Company's evaluation of the alternate route proposed by the Hillman Coal and Coke Company across property to the south of the Hillman property.

c. West Penn Power Company's plans as to the safety and maintenance of the proposed line.

d. West Penn Power Company's evaluation and consideration of alternate access routes across the Hillman Coal and Coke property as proposed by Hillman.

[3] The petitioner appealed the Commission's order referring the matter back to the ALJ, but this Court quashed that appeal on the ground that the order in question was interlocutory and unappealable as a matter of right. *Hillman Coal & Coke Co. v. Pennsylvania Public Utility Commission* (No. 1987 C.D. 1979, filed October 12, 1979).

or capricious. The Commission adopted the ALJ's decision and granted West Penn's application and this appeal followed.

The petitioner first contends that it was denied due process in that the ALJ erroneously ordered a second hearing at which additional evidence was taken. It is argued that under 1 Pa. Code §35.232,[4] the ALJ, on his own motion, could not reopen the record after he had filed his first initial decision with the Commission. We cannot agree.

The ALJ may reopen the record at any time prior to the filing of his proposed report, 1 Pa. Code §35.232, and all initial decisions must include not only findings of fact and conclusions of law, but must also contain "the appropriate rule, order, sanction, relief, or denial thereof." 66 Pa. C. S. §335(c)(2); 1 Pa. Code §35.205. We believe that such language, when coupled with the legislative mandate that a "presiding officer shall initially decide the case," 66 Pa. C. S. §335(a), requires that the ALJ's proposed report must include a recommended resolution of the matter in controversy. Inasmuch as the report in this case contained no such recommendation, but only ordered additional hearings, we must conclude that the Commission properly returned the matter to the ALJ with the direction to conduct further hearings if such were deemed necessary or to resolve the issues and

---

[4] 1 Pa. Code §35.232, which is part of the general procedures governing hearings before the Commission, provides:

At any time prior to the filing of his proposed report a presiding officer, after notice to the participants, may reopen the proceeding for the reception of further evidence on his own motion, if he has reason to believe that conditions of fact or of law have so changed as to require, or that the public interest requires, the reopening of such proceeding.

to present them to the Commission for its final determination.[5]

The Petitioner also argues that granting a new hearing was procedurally unfair in that the Commission and the ALJ informed West Penn as to what elements of its application had not been established and thereby allowed a second opportunity for West Penn to meets its burden of proof. We find no merit in this argument.

The ALJ specifically found that West Penn had established a public need for the new transmission line and, in order to promote that public interest, we believe that the ALJ properly directed that additional evidence be taken on specific issues regarding West Penn's evaluation of the route chosen for the new line.[6] *Supra,* note 2.

The petitioner next contends that it filed exceptions to the ALJ's supplemental initial decision which were never ruled upon by the Commission as required by 66 Pa. C. S. §335(c), and that such a failure amounts to an abuse of discretion. Again, we cannot agree.

The Commission expressly adopted the findings and conclusions of the ALJ and we believe that such a decision carried with it an implicit denial of the petitioner's exceptions. Although we do not favor such a method of overruling exceptions, we must conclude that the Commission, when confronted with a

---

[5] Moreover, we note that the Commission itself, upon notice to the parties, may reopen the record if the public interest requires such an action. 1 Pa. Code §35.233.

[6] We cannot accept the petitioner's contention that the ALJ improperly placed the burden of proof to establish arbitrariness by West Penn on the petitioner inasmuch as he required West Penn to present additional evidence before he could find that it had met its burden of establishing the reasonableness of the route selected.

choice between the ALJ's decision and the exceptions thereto, clearly adopted the former in its final determination and rejected the latter.[7]

Finally, it is argued that the ALJ's findings of fact concerning West Penn's failure to evaluate alternative routes which would not affect the petitioner's property[8] do not support the conclusion that the route selection process in this case was reasonable, in good faith and not arbitrary, wanton or capri-

---

[7] The substance of the petitioner's exceptions attacked the sufficiency of the evidence to support the ALJ's findings of fact and challenged the propriety of reopening the record to permit the taking of additional evidence. The Commission, in its order entered March 24, 1980, adopted the ALJ's opinion and we consider such an adoption to be an affirmation of the findings made below and an approval of the ALJ's express use of evidence taken at the second hearing.

[8] The pertinent findings of the ALJ provide:

20. No alternate routes were evaluated by West Penn's environment analyst. He made no determination as to whether or not the proposed facility presented an opportunity to reroute so as to reduce environmental impact. (Tr. 67) On further hearing he stated his opinion that the proposed route best minimizes environmental impact. (Tr. 278-279)

21. No alternate route was considered which would have affected the Hillman Coal and Coke Company property. (Tr. 115) On further hearing West Penn presented an analysis of the environmental, economic and practical consequences of Hillman's proposed alternates.

22. No consideration was given to locating the proposed 100 foot right-of-way over the Hillman Coal and Coke Company property to the south rather than the north of the existing Clarksville tap because it was considered more practical to remain north of the existing line. (Tr. 128-129)

23. No evaluations or studies were made for a route to the south of the existing line. (Tr. 130). On further hearing West Penn presented testimony on routes to the south of the existing line.

cious. *Department of Environmental Resources v. Pennsylvania Public Utility Commission,* 18 Pa. Commonwealth Ct. 558, 335 A.2d 860 (1975).

In determining whether or not a public utility's route selection was reasonable, we have set out several factors which must be considered, such as topography, land use, safety, costs, environmental impacts and alternative routes. *Department of Environmental Resources v. Pennsylvania Public Utility Commission, supra.* An evaluation of alternative routes is only one of several elements which are relevant in this regard and our examination of the record disclosed that West Penn introduced evidence as to the terrain over which the proposed line would travel, the present uses of the affected land, the practical advantages of paralleling the existing transmission line, and the environmental impact of the proposed route as compared to routes suggested by the petitioner.[9] Although West Penn did not establish that it considered alternative routes which would not cross the petitioner's property, it did produce evidence that other alternatives were studied, although it is conceded that those routes would not have changed the effect on the petitioner's property.

We believe that the showing by West Penn constitutes substantial evidence to support the Commission's conclusion that the route selection here was not arbitrary, wanton or capricious. *Department of Environmental Resources v. Pennsylvania Public Utility Commission, supra.* The selection of a right-

---

[9] West Penn also established that it would eventually decrease its incursion on the petitioner's property by shifting the existing transmission line from the wooden poles presently in use to the double steel towers which will carry the new line and that the first of the two rights-of-way for the lines would then be abandoned.

of-way is to be done by the public utility, *Department of Environmental Resources v. Pennsylvania Public Utility Commission, supra,* and we believe that there would be an undue burden placed on that utility if we required it in all cases to consider alternative routes for each individual property over which its transmission lines would cross.

We will, therefore, affirm the order of the Commission.

ORDER

AND Now, this 18th day of August, 1981, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.