Alabama Electric Cooperative, Inc. (AEC) appeals from an order of the circuit court *Page 1352 
granting an injunction restraining AEC from continuing work on transmission lines across the property of Henry W. Watson and Kay L. Watson (the Watsons), appellees. The court stayed its order pending appeal so that AEC could put its nearly-completed lines into service, and adjudged that as to AEC's motion for clarification, "the question of whether [AEC] will have to remove its transmission line will depend upon the outcome of [AEC's] appeal herein." Because we find the court to have erred in finding AEC's choice of route was arbitrary, we reverse the grant of injunction. The question of whether AEC must move its line is, therefore, moot.
On January 30, 1981, AEC filed an application for order of condemnation in the Probate Court of Houston County, seeking transmission line easements across several parcels of land, including the Watsons'. Pursuant to a report of commissioners appointed in the cause, the probate court issued an order of condemnation on March 11, 1981. The damages assessed to the Watsons for their lands totaled $24,940.00. AEC appealed on March 11 to the circuit court from the portion of the order fixing damages and compensation, paid the award into the probate court, and began construction. On March 18, 1981, the Watsons appealed from both the order of condemnation and the portion of the order fixing damages. They also filed a complaint asking the circuit court to enter preliminary and permanent injunctions restraining AEC from continuing work on the Watsons' property. An amendment to the complaint added the ground eventually relied on by the trial court, that AEC had not exercised good faith and had "acted in a capricious or wantonly injurious manner . . . resulting in an abuse of [AEC's] right of eminent domain."
The court held a hearing on April 23 on the Watsons' amended complaint, AEC's motion to strike, motion to dismiss, and answer. AEC's responses averred, inter alia, that the acts sought to be enjoined were lawful exercises of AEC's statutory power of eminent domain. The court issued an order enjoining AEC from further construction. Because AEC had a June 1, 1981, deadline to begin supplying electricity for which it proposed to use these transmission lines, the court granted the above-mentioned stay to allow AEC to use the lines pending appeal.
The facts simply stated are that AEC routed these transmission lines parallel and adjacent to existing Alabama Power Company lines except for a detour through the Watsons' property. If the line had gone straight instead of making this detour, it would have crossed a vacant subdivision lot and rendered it unusable. The line also would have passed within thirty feet of a house on another lot. All the trees on the west side of this house, between the house and the existing Alabama Power Company line, would have had to be cut down to make room for the AEC line. The Watsons use the portion of their land across which the line runs for grazing cattle. Counsel for AEC informed this Court, during oral argument, that the cows are still grazing.
The trial court's order of injunction, after a brief statement of the case, reads as follows:[1]
 Generally, "a broad discretion is necessarily vested in those to whom the power of eminent domain is delegated, in determining what property is necessary for the public purpose with respect to the particular route, line, or location of the proposed work or improvement and the general rule is that the Courts will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. The landowner may not object merely because some other location might have been made or some other property obtained which would have been suitable or just as suitable, for the purpose." 26 Am.Jur.2d Eminent Domain Sec. 113.
 In Alabama, the delegation of the power of eminent domain without restriction carries with it the power to locate the route, and its location will not be *Page 1353 
interfered with if it is made in good faith or it is not capriciously or wantonly injurious. Berry v. Alabama Power Company, 257 Ala. 654, 60 So.2d 681
(1952); Alabama Power Company, v. Hamilton, 342 So.2d 8 (Ala. 1977); Hogan v. Alabama Power Company, 351 So.2d 1378 (Ala.Civ.App. 1977).
 This Court does not find, under the testimony and evidence presented herein that Plaintiff's decision to locate its electrical line along the route taken through the Defendants' property was made in bad faith or is wantonly injurious, but the Court does find that such is capriciously injurious. The words "arbitrary" and "capricious" when used in a legal sense in determining that a decision was arbitrary and capricious are to be distinguished from the same words used in a popular sense, where they have an opprobrious connotation. Such are used in a legal sense to indicate that the findings are without rational basis or that the evidence to support the findings is non-existent or without probative value in either direction. Tri-County Electric Cooperative, Inc. v. Elkin, N.D., 224 N.W.2d 785, 794.
 A finding that a decision was arbitrarily or capriciously made does not amount to a finding that it was made in bad faith, fraudulently, or through ignorance or incompetency; but, that it was made without a reasonable or rational basis or without adequate determining principle.
 The defendant landowners in this case do not object merely because other property might have been obtained by the Plaintiff on which to run the electrical transmission line easement, but object to the taking of their property in order to avoid the taking of such other property. They object to the Plaintiff's determination of what property is necessary for the public purpose with respect to the particular route of their electrical transmission line; and it appears to this Court that there is in fact another route which might have been followed which not only would be suitable, or just as suitable, but could in fact be more suitable, after a thorough consideration of all factors, and would avoid the necessity of taking a meandering detour through the property of the Defendants. This Court after hearing testimony and evidence does not feel that the Plaintiff fully considered all relevant factors which should have been considered.
 The Court finds that the Plaintiff's decision to locate its electrical line along the route herein through the Defendants' property was made without sufficient adequate determining principle in that it was made without due or reasonable consideration of all factors. Many factors which should weigh upon the decision of which route to select and which land to condemn, including whether or not there is an alternate route over unoccupied land, are cost, environmental factors, long-range area planning, and safety considerations. Some of these factors — cost, for example — involve many sub-factors, such as the value of the land, the engineering problems presented by the terrain, et cetera. Hillsboro County v. Sapp, (Fla.) 280 So.2d 443.
 The Plaintiff's Manager of Engineering Services, whose job involves the planning, engineering, design, and construction of facilities, testified that the proposed route came through an area that they thought would have the least damaging impact on the overall area, and that such route was determined to be the most feasible in order to avoid running the line within 25 or 30 feet of a house.
 The desire of avoiding running an electrical transmission line near a house is understandable. However, the Plaintiff has run such lines within such proximity of houses on other occasions. Further, it was admitted that the Plaintiff could avoid running the line within such proximity of the particular house by crossing the Alabama Power Company easement at a point above the point where it proposes to cross it, and [the court] fails to see the determining principle by which it made its determination not to. In either event, such would involve taking someone's *Page 1354 
property and this Court fails to see why the Plaintiff chose the Defendants' property.
 Under the testimony presented at the hearing herein, the Plaintiff could run its route more directly without detouring through the property of the Defendants. The Plaintiff has failed to take into consideration factors which should weigh upon its decision of which route to select and which land to condemn, including construction costs and condemned property costs of a more direct route as opposed to the proposed route and has failed to fully take into consideration whether the proposed route is in fact reasonably or rationally necessary in consideration of all factors.
 Wherefore, IT IS HEREBY ORDERED that the Plaintiff, its agents, servants, and employees are hereby enjoined and restrained from continuing further work on their electrical transmission line on Defendants' property until further Order of the Court.
DONE this the 23rd day of April, 1981.
We find that the able judge below erred in holding that AEC abused its discretion and capriciously injured the Watsons. As AEC argues on appeal, the opinion seems to place the burden on AEC to prove that its choice was reasonable rather than on the Watsons to prove the action was capricious. The essence of the court's decision is that another route would be "more suitable" in contradistinction to the rule that the landowner may not object merely because another location "would have been suitable or just as suitable."
Our inspection of the cases confirms our opinion that deference is due to a condemnor's choice of route. The trial court correctly cited Berry v. Alabama Power Company, 257 Ala. 654, 60 So.2d 681 (1952); Alabama Power Company v. Hamilton,342 So.2d 8 (Ala. 1977); and Hogan v. Alabama Power Company,351 So.2d 1378 (Ala.Civ.App. 1977), as statements of the law on this subject in Alabama. In Berry and Hamilton, however, the issues centered on legislative delegation of the power to condemn with little or no allegation that Alabama Power had exercised such power capriciously or wantonly. In Hogan, the Court of Civil Appeals addressed the issue and concluded that, "although the final location of the power line on Hogan's land could result in interference with its proposed future use, we cannot say that the ultimate location of the power line was a wanton and capricious act resulting in an abuse of the Power Company's right of eminent domain." Hogan, supra, 351 So.2d at 1386. Alabama Power had changed an original plan which would have crossed Hogan's lake and garden, but he still complained that the location interfered with his proposed development of a resort area.
This Court made the statement in Berry that:
 The general principle is well established that the delegation of the power of eminent domain to a grantee, without restriction, carries with it the power to locate the route, and its location of necessity will not be interfered with by the courts if it is made by the utility in good faith and is not capricious or wantonly injurious.
Berry v. Alabama Power Co., supra, 257 Ala. at 657,60 So.2d 681. This phrasing of the standard of review came from 29 (now 29A) C.J.S. Eminent Domain, § 91, page 886 (now pp. 376-377).
The above-cited section in C.J.S. continues as follows:
 The landowner cannot raise the objection that there is no necessity for condemning his property because some other location might be made, or some other property obtained which would be more suitable. The choice of location by the grantee may not be challenged on the ground that another location on its own land would be as convenient and less expensive. The question whether the taking of land in another location will better suit the economic, cultural, aesthetic, or conservation needs of the community, and its residents, is not judicial. 29A C.J.S., Eminent Domain, § 91 pp. 378-79 (citations omitted). *Page 1355 
Our inspection of the cases cited by C.J.S. and found through our research discloses that instances where the condemning authority's choice has been upheld are legion. The courts in the following cases have held that a condemnor did not act arbitrarily or capriciously or abuse its discretion: ArcoPipeline Co. v. 3.60 Acres, More or Less, 539 P.2d 64 (Alaska 1975) (availability of alternate route which might even be more desirable in some respects not sufficient to show arbitrariness or abuse of discretion); City of Jacksonville v. Griffin,346 So.2d 988 (Fla. 1977) (city presented sufficient evidence of reasonable necessity); Wright v. Dade County, 216 So.2d 494
(Fla.App. 1968); Sweat v. Georgia Power Co., 235 Ga. 281,219 S.E.2d 384 (1975); Miller v. Georgia Power Co., 222 Ga. 239,149 S.E.2d 479 (1966) (owners' plan to use property for subdivision did not prevent power company from exercising its power of eminent domain, even though this was not the most direct route); Oxendine v. Public Service Co. of Indiana, Inc.,423 N.E.2d 612 (Ind.App. 1980); Ellis v. Public Service Co. ofIndiana, Inc., 168 Ind. App. 269, 342 N.E.2d 921 (1976) (company marked out straight line for transmission lines, then made changes to avoid buildings, roads, etc.); J.M. Foster Co., Inc.v. Northern Indiana Public Service Co., Inc., 164 Ind. App. 72,326 N.E.2d 584 (1975); State, Through Dept. of Highways v.Olinkraft, Inc., 350 So.2d 865 (La. 1977); Texas Pipe LineCompany v. Stein, 190 So.2d 244 (La.App. 1966) (choice of route for pipeline under Mississippi River was not arbitrary);Louisiana Power Light Co. v. Anderson, 188 So.2d 733 (La.App. 1966); State Highway Commission v. Crossen-Nissen Co.,145 Mont. 251, 400 P.2d 283 (1965); City of Newark v. New JerseyTurnpike Authority, 7 N.J. 377, 81 A.2d 705 (1951), appeal dismissed, 342 U.S. 874 (1951); In re Flinchum,21 N.C. App. 124, 203 S.E.2d 325 (1974); Board of Ed. of City School Dist.of Columbus v. Holding Corp. of Ohio, 29 Ohio App.2d 114, 580 Ohio Op.2d 165, 278 N.E.2d 693 (1971) (bad judgment is not abuse of discretion); Laird v. Pennsylvania Public UtilityCommission, 183 Pa. Super. 457, 133 A.2d 579 (1957) (selection of route is for utility in first instance and Public Utility Commission is not required to withhold its approval merely because another route might have been adopted); Hillman Coal Coke Co. v. Pennsylvania Public Utility Commission,61 Pa. Commw. 355, 433 A.2d 634 (1981) (evidence supported commission's conclusion that route selected was not arbitrary, wanton, or capricious); In re Spory, 54 Pa. Commw. 17,419 A.2d 804 (1980) (emphasizing burden on landowner seeking to prove abuse of discretion): Blank v. Columbia Gas of Pennsylvania,Inc., 11 Pa. Commw. 304, 314 A.2d 880 (1974) (choice of right-of-way not arbitrary and capricious even though utility had existing right-of-way); Krenek v. South Texas ElectricCooperative, Inc., 502 S.W.2d 605 (Tex.Civ.App. 1973) (if condemning authority's action is honestly exercised, it is not arbitrary even though other experts would have selected a different route).
Many of the above cases involved fact situations similar to the one here, where a condemnor has chosen one route for a road, pipeline, transmission line, etc., and the property owner advocates another location. We deem it more instructive to point out distinguishing aspects of the few cases we have found holding a decision to be arbitrary or capricious than to detail the similarities of the above cases.
In State Highway Commission v. Danielsen, 146 Mont. 539,409 P.2d 443 (1965), the Highway Commission had rerouted an existing road across fourteen miles of fertile farmland. The Supreme Court of Montana held that damage to the farmland and businesses along the existing highway should have been considered where, for all the record showed, the merits of the proposed route and one substantially following the existing highway were almost equal. The magnitude of damage to the farmland by that highway was much greater than the damage here to the Watsons' land, where their cattle can still graze.
In State v. Superior Court of Washington for Yakima County,128 Wn. 79, 222 P. 208 (1924), the proposed location of a road would have interfered with use of the landowners' *Page 1356 
fruit warehouse for cold storage. Rerouting the road forty feet away would avoid the interference and also make a railroad crossing safer. The cold storage was necessary for the growers in the area and the warehouse could not be relocated because of the terrain. The rerouting would add very little expense, length, or curvature to the road. The Supreme Court of Washington affirmed a finding of constructive arbitrary and capricious action.
We have found two Louisiana cases denying a condemnor's choice of route. Louisiana Power Light v. Caldwell,353 So.2d 1343 (La.App. 1977); Southwest Louisiana Electric Mem. Corp. v.Simon, 207 So.2d 546 (La.App. 1968). These decisions were based on statutory requirements that an electric utility consider the convenience of the landowner and conduct bona fide negotiations with the landowner. While we approve such efforts by utility companies, our statutes do not impose such a duty so specifically as to negate the discretion granted to the condemnor where it acts in good faith, as the court below found here. Code 1975, §§ 18-1-1 et seq., and § 37-6-3. Furthermore, even Louisiana courts do not make these considerations absolute. See, e.g., Louisiana Power Light Company v.Anderson, supra.
For two other cases indicating a possible result against the condemnor, but based on specific statutory provisions, see Inre Bangor Hydro-Electric Company, 314 A.2d 800 (Me. 1974) (under statute, location had to be the proper location in the public interest — i.e., one more in the public interest than any others proposed); Bouton v. Potomac Edison Co.,282 Md. 142, 383 A.2d 669 (1978) (Public Service Commission granted the required certificate of public convenience and necessity conditioned on specific rerouting; landowner could bring action to determine if power company followed this rerouting).
Clearly, then, the weight of authority imposes a heavy burden on the Watsons in their attempt to prove that AEC acted capriciously. We reiterate that the legislative delegation of the power to condemn carries with it the power to choose the route. Berry v. Alabama Power Co., supra. Courts allow broad discretion in this choice in part because legislatures can narrow it or subject it to guidelines if they choose. See,e.g., Bouton v. Potomac Edison Co., supra, wherein Maryland law requires Public Service Commission approval of a proposed route.
A landowner cannot object merely because another route might have been adopted; e.g., Lavid v. Pennsylvania Public ServiceCommission, supra., or because the company crossed his land in order to avoid crossing some other land, Miller v. GeorgiaPower Co., supra. The fact that AEC has run lines within thirty feet of houses on other occasions does not require them to do it this time. Cf. Krenek v. South Texas Electric Cooperative,Inc., supra, in which the landowners' attempt to prove that the company had deviated from a straight line in other areas was held not probative of their assertion that it arbitrarily refused to accept their proposed deviation from the straight line through their property.
Mr. Watson testified in the trial below that he had seen AEC's lines pass close to other houses. This evidence cannot by itself support a conclusion that AEC's effort to avoid passing within 30 feet of a house was arbitrary. AEC's engineer, Brandon Ray Clausen, testified he would not route the lines close to houses if he could avoid it. There was no evidence as to the circumstances or alternatives where AEC did pass its lines close to houses. Therefore, the Watsons' evidence that AEC had passed lines close to other houses was not probative of his assertion that AEC's decision in this case was arbitrary.
The alternate route suggested by the trial court of crossing the Alabama Power Company lines and proceeding parallel to them was conceded at trial to be a possible route. However, there is no evidence in the record that this alternative was suggested to AEC either before or during the probate court condemnation proceeding. The authorities cited above make it abundantly clear that the possibility of another route is not *Page 1357 
enough to make a condemnor's decision arbitrary or capricious.
Because of the damage to the homeowner next to the original straight-line route and because of the lack of significant interference with the Watsons' use of their property, we hold that the trial court erred in finding that AEC's decision to reroute its lines was capricious or without rational basis. We reverse and remand for the trial court to issue an order dissolving its injunction and to proceed with the appeals of the damage award.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
[1] "Plaintiff" refers to AEC (in its posture as condemnor) and "defendants" to the Watsons.