WRIGHT, Presiding Judge.
This is a property condemnation suit.
In 1972 the City of Alabaster adopted a comprehensive master plan for a sanitary sewer system for all of the corporate limits of the city. One of the outfalls of the sewer line installed by Alabaster ended at a cul-de-sac on property of the Housing Authority of Columbiana. When the line was extended, the Housing Authority tied onto the sanitary system by paying a $500 tap-on fee.
Sometime after the installation of the sewer line, the City acquired land lying due north of and contiguous to the Housing Authority project. The land was donated to the City as a public park. The park had a picnic area, basketball court and baseball field, but no restroom facilities.
Lying immediately west of the park area was undeveloped property owned by Harold Walker, a private individual who was interested in building on the land. In January 1979, Mr. Walker, the developer, proposed to construct a large apartment complex on his undeveloped land using the sanitary sewer outfall line which stopped at the cul-de-sac at the Housing Authority project.
Walker’s request for permission to cross the park property with the sanitary sewer was granted by the Park and Recreation Board on the conditions that he (Walker) stub out a “T” in the line for a bathroom facility for the park and that he would bear all costs incurred in the extension. Walker also agreed to secure the necessary easement from the Housing Authority to cross its property. The sewer lines were laid from Walker’s property across the park property and tied onto the sanitary sewer at the cul-de-sac. After the City’s approval of the installation of the line, it was discovered that Walker had not secured an easement from the Housing Authority to cross its land.
In May 1979 the Housing Authority filed suit against Walker in Shelby County Circuit Court to have the line removed. Walker prepared a petition, which was presented to the Park Board in March 1980, regarding the need for a condemnation proceeding against the Housing Authority. In September 1980, the Park Board recommended to the Alabaster City Council that the condemnation action be taken or the sewer line would have to be removed.
In Shelby County Probate Court, Judge Snowden found that the City had a right to acquire the land by condemnation stating that the taking was for a public purpose within the provisions of § 11-50-50 and § 11-47-171, Code of Alabama 1975. The court reduced the extent of the taking to a ten-foot easement. The Housing Authority then appealed to the Circuit Court of Shelby County. The court after hearing the case ore tenus, and without findings of fact, entered a final order denying the right of condemnation. After the City’s motion for a new trial or in the alternative to alter, amend or vacate the judgment was denied, it appealed to this court.
On appeal the City propounds essentially two contentions: (1) that a municipality has a right to condemn property for the extension of its sanitary sewer system, even if the condemnation indirectly benefits a private individual, and (2) that the taking of an easement for an underground sanitary *338 sewer system in this case was actually necessary, and did not materially interfere with, alter or change the previous public use of such property sought to be condemned.
Undoubtedly, a city is empowered to condemn property for purposes of installing a sanitary sewer line. Section 11-50-50, Code of Alabama 1975, provides that, “All cities and towns ... may construct and maintain efficient sanitary and storm water sewers or sewer system, ... and may build and construct underground sewers through private or public property, either within or without the corporate limits of such city_” Section 11-50-52, Code of Alabama 1975, allows any city or town to extend or alter its sewer system when deemed necessary or expedient by the city and that it can exercise “the full rights of eminent domain ... by the proceedings provided by law for acquiring private property for public uses.”
Appellee, the Housing Authority, however, argues that the taking in this case was for a private purpose and therefore in violation of Ala. Const, art. I, § 23 (1901) and Ala. Const, art. XII, § 235 (1901), which require that there must be a public use of property before the right of eminent domain can be exercised and which state “nor shall private property be taken for private use....”
The City seeks to circumvent any conflict with the constitutional provisions by arguing that the legislature’s enactment of the aforementioned Code sections predetermined that the extension of a sewer by a city is unquestionably a “public purpose” and hence outside the scope of Ala. Const, art. I, § 23 (1901).
It is correct to say that the right to condemn is to be determined by the court in light of powers granted by the legislature. Gamble v. State, 289 Ala. 131, 266 So.2d 286 (1972). However, where the legislature has declared a use to be a public one, its judgment should be respected by the courts. Florence v. Williams, 439 So.2d 83 (Ala.1983).
“The general principle is well established that the delegation of the power of eminent domain to a grantee without restriction, carries with it the power to locate the route, and its location or necessity will not be interfered with by the courts if it is made by the utility in good faith and is not capricious or wantonly injurious ... necessity to condemn is a legislative question, not judicial. It is granted by statute to petitioner.... The province of the court is to see that the right is not abused.... ”
Berry v. Alabama Power Co., 257 Ala. 654, 657, 60 So.2d 681, 683 (1952) as quoted in Florence v. Williams, supra.
We perceive the difficulty of decision in this case to be the mistake of the developer Walker .in proceeding with the installation of the sewer upon the property of the Housing Authority without permission of the Authority. Had this condemnation occurred in the usual course of events with an initial proceeding by the City, it is unlikely to have arrived here. When viewed as an original proceeding to extend a sewer line, what objection could there be? Such extension is surely within the specific power granted in §§ 11-50-50, -51, -52. As this court said in Nicrosi v. City of Montgomery, 406 So.2d 951 (Ala.Civ.App.1981), quoting City of Birmingham v. City of Fairfield, 375 So.2d 438 (Ala.1979), “[Cjities have express authority to make all needful drainage improvements.”
In view of this express legislative authority delegated to the City of Alabaster, we follow the ruling of the supreme court in Florence v. Williams, supra, quoting Alabama Electric Co-op, Inc. v. Watson, 419 So.2d 1351 (Ala.1982): “[T]he circuit court could not second guess the City’s decision to condemn, in the absence of clear evidence of capricious, arbitrary conduct on the part of the City.”
We further consider that the requirements of § 18-1-6, as construed in the case of Public Relations Counsel, Inc. v. City of Mobile, 381 So.2d 15, 18 (Ala.1980), have been satisfied; that is, that in order to *339 condemn property already devoted to public use, there must be proved (1) actual necessity, and (2) that the use will not materially interfere with the public use to which the property is already devoted. The actual necessity for constructing or extending sanitary sewers has been expressed in the power granted by the legislature in § 11-50-50. Only clear evidence of a capricious or arbitrary exercise of that power may bar its use. Florence v. Williams, supra. There appears no such evidence, nor did the trial court state so in its judgment.
The evidence as to the noninterference with the use of the property by the Housing Authority is without dispute. There is no interference with either present or contemplated future use. The presence of the extension has been established for more than four years without incident. The issue of the propriety of the developer in proceeding to install the sewer on the property of the Authority without permission is presently before the court in another case.
We consider that any argument as to the condemnation being not for a public use because of the private construction by an individual is answered sufficiently by our decision in Nicrosi v. City of Montgomery, supra. The evidence showed a public need for the extension, though it also benefited the individual developer. There was also evidence that any other approach to serve the area was geographically and economically unfeasible.
In view of the principles stated and the fact that the trial court made no finding of fact, we review its judgment without the benefit of presumption of correctness. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Cain, 387 So.2d 195 (Ala.1980). We find its judgment contrary to law and reverse. We remand for determination of the value of the property sought to be condemned.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur in the result only.